BARFIELD, Judge.
In this appeal from four convictions for capital sexual battery of the same eight year old child, appellant asserts that the trial court abused its discretion in denying his motion to suppress his statements and his motion for judgment of acquittal on count IV, and in not allowing into evidence written portions of the victim’s deposition which were inconsistent with her testimony at trial, and which had been read to the jury by the court reporter who reported the deposition. We affirm the latter two rulings, but reverse the denial of the motion to suppress and remand for new trial on all four counts.
The victim and her mother had lived with appellant for two years, but had moved out several times. During one of these separations, the child told her mother that appellant had molested her. Detective Bass and representatives of the Department of Health and Rehabilitative Services (HRS) interviewed the child and her mother, and appellant was arrested a few days later at his place of employment.
At the police station, Bass read appellant his rights and began to question him. Appellant testified he terminated the inter *123 view by asking for a lawyer. The detective testified that he was not sure whether appellant said merely that he did not want to talk to him, or that he did not want to talk until he had spoken to an attorney.
Bass then locked appellant in the interview room, returned to his desk, and told the HRS investigator that appellant “did not want to talk to me, and I asked for Leon Richardson back to the interview room (sic) so that he could obtain information for me or interview him for his purpose.” [1] He gave Richardson the key to the interview room and said, “When you get through lock the door and bring the key back to me since he’s under arrest.”
Richardson introduced himself as “Senior District Intake Counselor for the Department of Health and Rehabilitative Services” and told appellant that he was investigating the child abuse allegations of molesting the eight-year-old, whereupon appellant denied molesting her. After Richardson read the allegations as narrated by the child, appellant admitted one of the acts alleged but denied the others. Appellant started crying and said that he needed counseling, to which Richardson responded that counseling is sometimes provided. Richardson then asked appellant if he wanted to talk to the detective, to which appellant responded in the affirmative.
Richardson told Bass what appellant had said and the two returned to the interview room, where Bass confirmed that appellant understood he had already been given his rights and Richardson asked appellant “basically ... the same questions that I asked him prior to Detective Bass being there and he answered those questions.” None of the interviews were recorded.
Appellant moved to suppress the statements he had made to Bass and Richardson, on the grounds that they were obtained in violation of his privilege against self-incrimination, his right to counsel, and his right to be free of unreasonable searches and seizures, and that they were not freely and voluntarily given, but were the result of “continued and persistent questioning” by Bass and Richardson “under circumstances indicating intimidation,” or were the result of promises and inducements.
Under the circumstances presented in this case, the trial court abused its discretion by denying appellant’s motion to suppress, because it is clear that appellant had been arrested and was in custody when he invoked at least his Fifth Amendment right to remain silent, and the invocation of that right was not “scrupulously honored.” Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). Richardson was acting as an agent of law enforcement when he improperly reinitiated interrogation of appellant shortly after he had invoked his constitutional rights, no fresh Miranda warnings were given before Richardson began to question appellant, and the questioning involved the same crime which had been the subject of the initial interrogation for which the right to silence had been invoked.
REVERSED and REMANDED for proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.

. Richardson, the HRS investigator, was required by law to interview the accused within 24 hours of the child’s interview, but Bass had requested that he wait to interview appellant until after he had been arrested, so as not to scare him off. Richardson had been called when appellant was brought to the police station and had arrived by the time appellant terminated his interview with Bass, who testified that 10-15 minutes passed between the two interviews.